Filed 2/23/15  P. v. Bartram CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN CHARLES BARTRAM,<br><br>    Defendant and Appellant. | F067705<br><br>(Super. Ct. No. F12901349)<br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Ralph Nunez, Judge (retired judge of the Fresno Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.); Jonathan M. Skiles and Edward Sarkisian, Jr., Judges.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

---

[*]      Before Cornell, Acting P.J., Poochigian, J. and Franson, J.

## INTRODUCTION

Appellant John Charles Bartram pled no contest to possession of a controlled substance and admitted two prior strike convictions and five prior prison terms, in exchange for an agreed maximum sentence of 11 years. In accordance with the plea, Bartram was sentenced to a total of nine years in prison. The trial court denied Bartram's request for a certificate of probable cause. On January 10, 2014, appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## FACTUAL AND PROCEDURAL SUMMARY

On February 27, 2012, charges were filed against Bartram alleging he was found in possession of a controlled substance on February 23, 2012, in violation of Health and Safety Code section 11377, subdivision (a). It also was alleged that he had suffered two prior convictions for serious or violent felonies pursuant to Penal Code section 667, subdivisions (b) through (i),[1] and had served five prior prison terms pursuant to section 667.5, subdivision (b). On February 29, 2012, Bartram waived formal arraignment and pled not guilty.

On April 27, 2012, Bartram signed a felony advisement, waiver of rights, and plea form. On the form, Bartram agreed to a no contest plea to the possessory offense and admitted the two prior strikes and the five prior prison terms, apparently in exchange for an indicated sentence. The plea form stated: "Court indicates *Romero*[2] strikes + 3 pp = 5 yr. lid." On that same date, Bartram withdrew his not guilty plea to the offense, entered a plea of no contest, and admitted the priors, in accordance with the plea agreement.

On June 13, 2012, the Hon. Ralph Nunez stated he would not sentence Bartram in accordance with the indicated sentence set forth in the plea form. Bartram withdrew his no contest plea and his admissions.

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

[2]*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On July 20, 2012, Bartram entered into a second plea agreement. Bartram agreed to enter a plea of no contest to the offense and admit the two prior strikes and five prior prison terms. In exchange, the trial court, the Hon. Jonathan M. Skiles, indicated it would "[*Romero*] both strikes" and impose an eight-year stayed term with no initial prison time. Bartram would be placed in the Jericho Project for two years and waive all time credits that he accumulated while in the Jericho Project.

Judge Skiles thoroughly explained the terms of the indicated sentence and the consequences of entering a no contest plea and admitting the priors. The trial court then asked Bartram if he had had sufficient time to go over the agreement with counsel, to which Bartram replied, "Yes." Bartram also was asked if he understood the agreement, and he replied, "Yes." The trial court then proceeded to accept a waiver of constitutional rights from Bartram; the parties stipulated to a factual basis for the plea; and the trial court proceeded to accept a no contest plea and admissions. The trial court found that Bartram had knowingly and intelligently waived his constitutional rights and freely and voluntarily entered into the plea agreement.

On July 27, 2012, Bartram told the trial court, "I would like to say I'm going to take this deal, but I'm taking it under duress." The trial court responded, "you are not going to be taking it because I won't accept anything under duress." The trial court asked Bartram if he wanted to withdraw the plea; Bartram responded, "No. No, I take the plea." The trial court replied, "As a matter of fact, based on what I heard that this was … not freely and voluntarily entered into, that it was done under duress, the Court's indicated is no longer on the table. The plea is set aside."

Defense counsel told the trial court that Bartram "might have used the wrong word." The trial court replied, "Mr. Bartram, the only thing I can say is there's a phrase that goes something like be careful what you ask for, you just might get it. In this case, I do not want even a hint that something is being done under duress or in violation of any of your constitutional rights. The Court's indicated is no longer on the table." Bartram

asked, "May, I speak?" The trial court replied, "Actually, no." The trial court set aside the plea agreement.

On February 22, 2013, Bartram orally made a *Marsden*[3] motion, which the trial court, the Hon. Hilary A. Chittick, granted. The public defender was relieved as counsel for Bartram and new counsel was appointed. Multiple settlement conferences were held and continued. Eventually, a trial date of May 20, 2013, was set. The trial date was rescheduled to May 21, 2013.

The trial was assigned to the Hon. Edward Sarkisian, Jr. Both parties submitted their lists of proposed jury instructions. On May 21, 2013, both counsel stated they were ready to proceed with the trial. The defense filed motions in limine.

On the second day of trial, May 22, 2013, Bartram again entered into a plea agreement. This agreement provided for Bartram to enter a no contest plea to the possessory offense and admit the two prior strike offenses and the five prison priors in exchange for a maximum sentence of 11 years. Bartram and his attorney signed the plea form.

Judge Sarkisian carefully reviewed the terms of the plea with Bartram, advised Bartram of his constitutional rights, and accepted a waiver of those rights. The parties stipulated to a factual basis for the plea and that the police reports contained a factual basis supporting the plea. Bartram indicated he understood the consequences of his plea, and the trial court found Bartram made a knowing and intelligent waiver of his rights. The trial court accepted Bartram's no contest plea and admissions.

The trial court then stated, "I just want you to understand that in light of your plea today, which we've gone over very carefully, I'm not going to favorably entertain -- entertain any motion to withdraw your plea in this case. Do you understand that?" Bartram replied, "Yes, I do." The trial court then indicated it would sign the plea form,

---

[3]*People v. Marsden* (1970) 2 Cal.3d 118.

indicating (1) acceptance by the court of the plea and the factual basis for the plea; (2) Bartram's constitutional rights were knowingly and intelligently waived; and (3) the plea agreement was freely and voluntarily entered into by Bartram.

At the July 1, 2013, sentencing hearing, Bartram asked the trial court to exercise its discretion pursuant to *Romero* to strike the prior convictions, grant probation, refer him to an inpatient treatment program, and impose a stayed sentence, similar to the indicated sentence stated by Judge Skiles. The People opposed the grant of probation and a treatment program and asked the trial court to impose at least a six- or seven-year term in prison.

The trial court noted that the probation report recommended the aggravated term. The trial court instead imposed the midterm of two years, doubled to four years, plus a consecutive one-year term for each of the five prison priors. The total term imposed was nine years, with credit of 989 days toward the term of commitment.

Bartram filed a notice of appeal and requested a certificate of probable cause. In his request for a certificate of probable cause, Bartram challenged the validity of his plea, the sentence imposed, alleged ineffective assistance of counsel, illegal inducement to plead guilty, and judicial bias by Judge Sarkisian. The certificate of probable cause was denied.

## DISCUSSION

Appellate counsel filed a motion with this court to augment the record with the reporter's transcript of the hearing on July 27, 2012, where Judge Skiles withdrew the indicated sentence and vacated the plea agreement. By order dated November 5, 2013, this court granted the request.

On January 10, 2014, appellate counsel filed a brief asking this court to review the record independently. (*Wende, supra,* 25 Cal.3d 436.) In a letter received by this court on February 14, 2014, Bartram raised the same issues he had set forth in his request for a certificate of probable cause.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed without prejudice to any rights Bartram may have pursuant to section 1170.18 to petition the trial court for a recall of sentence and resentencing in accordance with the Safe Neighborhoods and Schools Act.